IN THE UNITED STATES DISTRICT COURT
FOR THE EATERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| DOLAT VENTURES, INC., | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 1:17-cv-2542 |
| | : | |
| -against- | : | |
| | : | |
| VSTOCK TRANSFER LLC, HILLEL | : | |
| ISSEROFF, J&M FAMILY FOUNDATION: | | |
| INC., GERARD VALENTINE KELLY, | : | |
| NECHAMA KURAVKIY, JOHN | : | |
| MCDONNELL, PARK AVE | : | **COMPLAINT FOR INJUNCTIVE** |
| DISCOVERIES, COLM REILLY | : | **RELIEF** |
| NORTHERN CAPITAL, SAM | : | |
| SCHLESINGER, RIVIE SCHWEBEL, G. | : | |
| WATTERS PENSION TRUST, | : | |
| BENJAMIN NEUMAN, MAZEL | : | |
| PROPERTY ENTERPRISE CORP., ADAM: | | |
| BRAUN, GLENN S. BORDOFF, KIERAN | : | |
| PHILLIPS, NEIL MCGEOWN, BARRY | : | |
| OLIVER, JOHN KERR PENSION TRUST, : | | |
| AIDAN DONNELLY, COLM REILLY, | : | |
| AUSTIN WILLIAMS MATHEWS, | : | |
| EUGENE LARKIN, NOEL WATTERS, | : | |
| JOHN MCENEANEY, BERNARD | : | |
| MCDONNELL, STEVE WATTERS, | : | |
| MAURICE RYAN, CARMEL CLARKE, | : | |
| JOHN CARMODY, DERMOT FINNAN, | : | |
| CATHAL CLARKE, STEVE HAMILTON, : | | |
| ELIMELECH ROSENBLAT, DAVID | : | |
| CANTWELL, CHABAD OF NORTH | : | |
| HOLLYWOOD, and ROGER CONAN, | : | |
| | : | |
| Defendants. | : | |

Plaintiff, DOLAT VENTURES, INC., ("Dolat"), for its Complaint against

Defendants, VSTOCK TRANSFER LLC ("VStock"), HILLEL ISSEROFF, J&M

FAMILY FOUNDATION, INC. ("Foundation"), GERARD VALENTINE KELLY,

1

NECHAMA KURAVKIY, JOHN MCDONNELL, PARK AVE DISCOVERIES, COLM REILLY NORTHERN CAPITAL, SAM SCHLESINGER, RIVIE SCHWEBEL, G. WATTERS PENSION TRUST, BENJAMIN NEUMAN, MAZEL PROPERTY ENTERPRISE CORP., ADAM BRAUN, GLENN S. BORDOFF, KIERAN PHILLIPS, NEIL MCGEOWN, BARRY OLIVER, JOHN KERR PENSION TRUST, AIDAN DONNELLY, COLM REILLY, AUSTIN WILLIAMS MATHEWS, EUGENE ARKIN, NOEL WATTERS, JOHN MCENEANEY, BERNARD MCDONNELL, STEVE WATTERS, MAURICE RYAN, CARMEL CLARKE, JOHN CARMODY, DERMOT FINNAN, CATHAL CLARKE, STEPHEN HAMILTON, ELIMELECH ROSENBLAT, DAVID CANTWELL, CHABAD OF NORTH HOLLYWOOD, and ROGER CONAN, states as follows:

## NATURE OF CLAIM

1.      This Civil Action involves the *ultra vires* issuance of common stock in violation of the Wyoming Business Corporation Act, Wyoming Statute 17-16-621 which requires consideration for the issuance of common stock and specifies in Section 17-16-623 that shares may be issued for no consideration only when all members of the class are issued their shares pro rata.  In this action, Plaintiff seeks temporary, preliminary and permanent injunctive relief, including the cancellation of the defectively issued shares, and for such other and further relief as the court may deem proper to assure that defendants do not sell illegally issued shares.

## JURISDICTION AND VENUE

2.      Jurisdiction is based on diversity of citizenship, pursuant to 28 U.S.C §§ 1332 and the amount in controversy exceeds $75,000.00, exclusive of costs and interests.

Jurisdiction is also based on federal question jurisdiction under the Securities Exchange Act of 1934, Section 17, and the Securities Act of 1933, Section 5, and rules promulgated thereunder.

3.      The value of the securities in question totals approximately two million dollars based upon recent trading prices. See, Exhibit A, Recent Market prices, and Exhibit C, Shareholder list of Dolat at November 3, 2016 from VStock showing shares issued.

4.      The laws of the State of Wyoming govern the dispute between Dolat and the shareholders, since, at the time of issuance, Dolat was incorporated and domiciled in Wyoming, having reincorporated there from Nevada, and the laws of the United States and the State of New York govern the relationship with the Transfer Agent by agreement between the Transfer Agent and its client, Dolat, and action of law.

5.      Venue for this action properly lies in the U.S. District Court for the District of Eastern New York pursuant to 28 U.S.C. §1391(a)(2) and (3) because:

(i)      this district is where a substantial part of the events or omissions giving rise to the claim occurred; and

(ii)      defendant VStock conducts substantial business in this District, and/or otherwise has sufficient contacts with this District to justify Defendants being fairly brought into court in this District.

## THE PARTIES

6.      Plaintiff Dolat Ventures, Inc. is presently incorporated and domiciled in Wyoming, and has its principal place of business at No. 149 Beijing Road, Cultural Industry Park Office 5F, Fengtai District, Beijing, 10, People's Republic of China.

7.     Defendant, VStock Transfer LLC is a NY limited liability company having its principal place of business at 18 Lafayette Place, Woodmere, NY 11598. It is the transfer agent for Dolat and has been since December 20, 2012.

8.     Defendant, Hillel Isseroff is an individual having reported his address to the transfer agent as 238B Ayrigg Ave., Passaic, NJ 07055.

9.     J&M Family Foundation, Inc. ("Foundation") is a foundation having reported his address to the transfer agent as 6 Bush Lane, Spring Valley, NY 10977

10.     Gerard Valentine Kelly is an individual having reported his address to the transfer agent as 27 The Saltings, Blackrock, Co. Louth, Ireland.

11.     Nechama Kuravkiy is an individual having reported his address to the transfer agent as 525 Leferts Ave., #4B, Brooklyn, NY 11225.

12.     John McDonnell is an individual having reported his address to the transfer agent as Kilcurry, Dundalk, Co. Louth, Ireland.

13.     Park Ave Discoveries having reported its address to the transfer agent as P.O. Box 1321, Lennox Hill, NY 10021.

14.     Colm Reilly Northern Capital is a business that reported its address to the transfer agent as 19 Mount Auburn, Drogheda, Co. Louth, Ireland.

15.     Sam Schlesinger is an individual having reported his address to the transfer agent as 4 Valencia Dr., Monsey, NY 10952

16.     Rivie Schwebel is an individual having reported his address to the transfer agent as 1059 East 9th St., Brooklyn, NY 11230.

17.     G. Watters Pension Trust has reported its address to the transfer agent as 20 Laurence Street, Drogheda, County Louth, Ireland.

18.     Benjamin Neuman is an individual having reported his address to the transfer agent as 5922 18th Ave., Brooklyn, NY 11204-2201.

19.     Mazel Property Enterprise Corp. is a corporation that has reported its location as Cedarhurst, NY, and upon information and belief has a registered agent at 580 Fifth Avenue, 10th Floor, New York, NY 10036.

20      Adam Braun is an individual having reported his address to the transfer agent as 12830 Burbank Blvd., #203, Valley Village, CA 91607.

21.     Glenn S. Bordoff is an individual having reported his address to the transfer agent as 2528 Sun Set Beach Lane, Las Vegas, NV 89128.

22.     Kieran Phillips is an individual having reported his address to the transfer agent as 17 Ashton Park, Monkstown, Dublin, Ireland.

23.     Neil McGeown is an individual having reported his address to the transfer agent as 74 Crann NUA, Carrick Macross, Co. Monaghan, Ireland.

24.     Barry Oliver is an individual having reported a related trust address to the transfer agent as 20 Laurence St., Dregheda, Co. Louth, Ireland.

25.     John Kerr Pension Trust is a trust having reported its address to the transfer agent as 20 Laurence Street, Dregheda, County Louth, Ireland.

26.     Aidan Donnelly is an individual having reported his address to the transfer agent as Rock Rd. Blackrock, Co. Louth, Ireland.

27.     Colm Reilly is an individual having reported his address to the transfer agent as 19 Mount Auburn, Drogheda, County Louth, Ireland.

28.     Austin Williams Mathews is an individual having reported his address to the transfer agent as 17 Mourne Uale, Dundalk, Co. Louth, Ireland.

5

29.    Eugene Larkin is an individual having reported his address to the transfer agent as Donaghmore, Dundalk, Co. Louth, Ireland.

30.    Noel Watters is an individual having reported his address to the transfer agent as Balergan, Kilcurry, Dundalk, Co. Louth, Ireland.

31.    John McEneaney is an individual having reported his address to the transfer agent as Swallowlands, Sandpit, Termonfeckin, County Couth, Ireland.

32.    Bernard McDonnell is an individual having reported his address to the transfer agent as Baluymakellett, Raneusdale, Dundalk, So. Louth, Ireland.

33.    Steve Watters is an individual having reported his address to the transfer agent as Killcurry, Dundalk, County Louth, Ireland.

34.    Maurice Ryan is an individual having reported his address to the transfer agent as 95 Illinois Ave., New York, NY 11561.

35.    Carmel Clarke is an individual having reported his address to the transfer agent as 101A Heatherview, Sligo, Ireland.

36.    John Carmody is an individual having reported his address to the transfer agent as 8 Berry Ave. West, Staten Island, NY 10312.

37.    Dermot Finnan is an individual having reported his address to the transfer agent as 52-01 39th Ave., Long Island, NY 11104.

38.    Cathal Clarke is an individual having reported his address to the transfer agent as 101A Heatherview, Sligo, Ireland.

39.    Stephen Hamilton is an individual having reported his address to the company's transfer agent as 250 Oak Street, Ridgewood, NJ 07450-2519.

40.     Elimelech Rosenblat is an individual who has not reported his address to the transfer agent.

41.     David Cantwell is an individual having reported his address to the transfer agent as Pinehill Enniskerry, Co. Wilklow, Ireland.

42.     Chabad of North Hollywood is an organization that reported its address to the transfer agent as 13079 Chandler Blvd., Sherman Oaks, CA 91401.

43.     Roger Conan is an individual having reported his address to the transfer agent as 14 Darkley Rd., Dublin, Ireland.

## STATEMENT OF FACTS

44.     Dolat was incorporated in the State of Nevada on April 13, 2006 with the intent to engage in the business of mineral property exploration. On March 20, 2013, the Company changed its domicile from Nevada to Wyoming. See, Exhibit B, 2014 Annual Report filed with OTCMarkets on June 8, 2015, p 6.

45.     On November 6, 2014, the Company issued 11,133,636 common restricted shares for consulting services, to several service providers. The shares were valued at the contractually agreed price of the services, such services having a fair market value (FMV) of the same equal to $0.07 per share. The company recorded an expense of $780,283 for such services. *Supra* at p. 4,5.

46.     On November 6, 2014, several issuances were made by Dolat, which Dolat's sole officer and director characterized as charitable contributions, totaling 9,250,000 shares. *Id*. The shares issued for charitable purposes and shares issued pursuant to alleged consulting agreements are being held in book form at defendant VStock with restrictions

which some of the defendants are seeking to have lifted and the shares transferred

presumably for resale.

47.     During the time period commencing on or about March 17, 2017 through April

18, 2017, one of the shareholders, Stephen Hamilton, had several telephone conversations

with counsel for Dolat, Roger L. Fidler, Esq. in which Mr. Hamilton stated that he had

not received his shares for consulting services, but rather they had been issued to make up

for the reverse split that had greatly reduced the number of Dolat shares he owned before

the additional, and allegedly illegally issued, shares were issued to him. See Exhibit E,

List of Defendant Shareholders with their Reversed Shares, and Exhibit D which shows

the additional issued shares. He also added that he doubted that any of the holders from

Ireland were consultants.  That issuance, and the description of the reason for the

issuance is reflected in the annual report. *Supra* at 4,5.

48.     On or about April 1, 2017 a representative of J&M Family Foundation made

demand upon VStock for transfer of its shares and legend removal. As noted in said

Annual Report, the J&M shares were issued for charitable purposes. *Id.*

## **FIRST CAUSE OF ACTION**

### **(Illegal Share Issuances)**

49.     Plaintiff Dolat repeats and re-alleges paragraphs 1 through 48 as if fully set forth

herein.

50.     The following holders were issued the indicated shares for consulting services on

the date indicated that were never contracted for and/or not performed (also shown is the

imputed price per share and the State of Incorporation at time of issuance and nature of

restriction):

| | | | | |
|---|---|---|---|---|
| 9/24/2015 | Rive Schwebel | WY | 20,000,000 0.0112 | Restricted Rule 144 |
| 10/6/2014 | Park Avenue Discoveries | WY | 3,500,000 0.2200 | Restricted Rule 144 |
| 10/6/2014 | Hillel Isseroff | WY | 230,000 0.2200 | Restricted Rule 144 |
| 10/6/2014 | Elimelech Rosenblat | WY | 200,000 0.2200 | Restricted Rule 144 |
| 9/8/2014 | Kieran Phillips | WY | 275,000 0.1000 | Restricted Rule 144 |
| 9/8/2014 | Neil McGeown | WY | 215,000 0.1000 | Restricted Rule 144 |
| 9/8/2014 | Barry Oliver | WY | 150,000 0.1000 | Restricted Rule 144 |
| 9/8/2014 | John Kerr Pension Trust | WY | 50,000 0.1000 | Restricted Rule 144 |
| 9/8/2014 | Aidan Donnelly | WY | 25,000 0.1000 | Restricted Rule 144 |
| 9/8/2014 | Colm Reilly | WY | 75,000 0.1000 | Restricted Rule 144 |
| 9/8/2014 | Austin Williams Mathews | WY | 75,000 0.1000 | Restricted Rule 144 |
| 9/8/2014 | Eugene Larkin | WY | 150,000 0.1000 | Restricted Rule 144 |
| 9/8/2014 | Noel Watters | WY | 100,000 0.1000 | Restricted Rule 144 |
| 9/8/2014 | John McEneaney | WY | 150,000 0.1000 | Restricted Rule 144 |
| 9/8/2014 | Bernard McDonnell | WY | 100,000 0.1000 | Restricted Rule 144 |
| 9/8/2014 | Steve Watters | WY | 100000 0.1000 | Restricted Rule 144 |
| 9/8/2014 | Maurice Ryan | WY | 70000 0.1000 | Restricted Rule 144 |
| 9/8/2014 | Carmel Clarke | WY | 50400 0.1000 | Restricted Rule 144 |
| 9/8/2014 | John Carmody | WY | 50,000 0.1000 | Restricted Rule 144 |
| 9/8/2014 | Dermot Finnan | WY | 50,000 0.1000 | Restricted Rule 144 |
| 9/8/2014 | Steven Hamilton | WY | 120,000 0.1000 | Restricted Rule 144 |
| 9/8/2014 | Cathal Clarke | WY | 100,000 0.1000 | Restricted Rule 144 |
| 8/11/2014 | Adam Braun | WY | 350,000 0.1000 | Restricted Rule 144 |
| 8/11/2014 | Nechama Kuravsky | WY | 40,000 0.1000 | Restricted Rule 144 |
| 8/11/2014 | Glenn Bordoff Partners | WY | 250,000 0.1000 | Restricted Rule 144 |
| 8/6/2014 | Rive Schwebel | WY | 10,000,000 0.1000 | Restricted Rule 144 |
| 8/6/2014 | Benjamin Neuman | WY | 3,500,000 0.1000 | Restricted Rule 144 |
| 8/6/2014 | Sam Schlesinger | WY | 2,500,000 0.1000 | Restricted Rule 144 |

51.     Not included in the above list from the Annual Report and for unknown reasons are defendants Gerard Valentine Kelly, John McDonnell, G. Watters Pension Trust, Mazel Property Enterprise Corp., David Cantwell and Roger Conan. See, Exhibit D.

52.     The following shares were issued for charitable purposes without consideration (also shown is the imputed price per share and the State of Incorporation at time of issuance, and control person if an entity):

3/15/2015     J&M Family Foundation, Inc. WY 4,000,000 0.0600      Restricted Rule 144
              M. Fischl

8/11/2014     Chabad Of N Hollywood  WY       250,000 0.1000       Restricted Rule 144
              R. Cohen

8/6/2014      J&M Family Foundation, Inc. WY 5,000,000 0.1000      Restricted Rule 144
              M. Fischl

*Id.*

53.     Defendant VStock has informed counsel to Dolat that it will make transfers at the request of the above shareholders, when and if made, unless they are enjoined from so transferring due to transfer agency rules promulgated by the United States Securities and Exchange Commission under the Securities Exchange Act of 1934, Section 17, and requirements of Wyoming Statute 17-16-621.

54.     Wyoming Statute 17-16-621(b) requires consideration for the issuance of shares. No such consideration was paid. Wyoming law also requires that if shares are issued for no consideration, as in the case of a stock dividend, that the issuances be made pro rata to all members of the class. Wyoming Statute 17-16-623.

55.     Therefore, the stock issuances were *ultra vires* and such claims may be asserted by the Corporation. Wyoming Statute 17-16-304(b)(ii).

56.     With respect to Rive Schwebel, in addition to the 10,000,000 shares set forth above an additional 20,000,000 shares of restricted stock are being held at VStock which upon information and belief were also issued pursuant to a consulting agreement. *Id.*

**WHEREFORE**, Plaintiff Dolat requests that this Court:

1.      award Plaintiff such temporary and/or preliminary injunctive and ancillary relief to enjoin the Defendants in a preliminary injunction, to be made permanent after trial in this action, restraining the described transfer of 54,450,000 shares of Dolat common stock; and

2.      enter judgment against Defendants allowing the Plaintiff to cancel said 54,500,000 shares of common stock, along with such other relief as this Court may deem necessary and just.

Dated: April 27, 2017

Respectfully submitted,

**ROGER L. FIDLER (9997)**
Attorney for Plaintiff
8246 135th Street., Ste. 6U
Briarwood, NY 11435
(201) 220-8734
(201) 464-7943
rfidler0099@aol.com

11